HOWARD A. LOVINS, *Plaintiff in Error*, vs. STATE OF FLORIDA, *Defendant in Error*.

141 So. 881.

Opinion filed May 26, 1932.

*Fisher & Fisher,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

PER CURIAM.—The plaintiff in error was tried on an indictment charging murder in the first degree and convicted of manslaughter in the Circuit Court of Escambia County, Florida.

The principal question presented here is whether or not the evidence is sufficient to support the verdict and the judgment. We find that the evidence was amply sufficient to have supported a verdict of guilty of a higher degree of unlawful homicide than that. of which the plaintiff in error was convicted.

The plaintiff in error will hereinafter be referred to as the defendant.

The record shows that the plaintiff in error was engaged in the business of selling whiskey; that he kept the whiskey out in the woods near his house. A girl was sent out into the woods by defendant's wife to get whiskey for a customer. She saw a man out in the woods, came back and reported it and the defendant went out with a shotgun, found the man, chased him some distance and killed him by striking him over the head with the gun. He then took the body off and put it beside a railroad track some distance from where the homicide was committed. He and his wife hauled the body off in an automobile.

The defendant pleaded self defense. His version of the killing did not square with his conduct and the jury was warranted in finding him guilty under the facts as disclosed by the record. Indeed, according to his own statement, he was not free from fault and not in position to plead self defense as a bar to conviction.

Aside from this, plaintiff in error contends that counsel

for plaintiff in error should have been allowed to testify that the wife of the plaintiff in error, at a time before a certain knife had been found, described the particular knife to defendant's counsel claiming that deceased was armed with that knife and about to make an assault with it on the defendant when defendant killed the deceased. There was no error in excluding this testimony as it was purely hear-say.

It is also contended that the court erred in refusing to allow the defendant to testify in support of his claim of good character whether or not he had worked much within the last 4 or 5 months prior to the trial. Such evidence was irrelevant and immaterial and was properly excluded.

It was further contended that the court erred in excluding evidence tending to show the motive for the concealment of the body of the deceased by showing that the defendant was not financially able to bear the expense of a prosecution.

A man by the name of Myrick was introduced as a witness in behalf of the defendant. During the progress of the trial while Myrick was giving his testimony, counsel for the defendant asked the following question: "Mr. Levins did not have the money to get out of trouble with?" The State's Attorney interposed the objection: "We object because it is irrelevant and immaterial." The objection was properly sustained.

We find no reversible error in the record, and, therefore, the judgment should be affirmed. It is so ordered.

Affirmed.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.